**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| **ARLENE R. STARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 10-2070-STA** |
| **PAUL B. HILL, JR;** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION TO ABSTAIN, DENYING
DEFENDANT'S MOTION TO DISMISS BASED ON FORUM NON CONVENIENS AND
GRANTING DEFENDANT'S MOTION FOR AN AWARD OF DISCRETIONARY
COSTS**
_____

Before the Court are Defendant Paul B. (Beau) Hill, Jr.'s Motions to Abstain And/Or to Decline to Exercise Jurisdiction (D.E. # 6) and Motion to Dismiss Based on Forum Non Conveniens (D.E. # 7) filed on February 23, 2010. Plaintiff Arlene R. Starr responded in opposition to Defendant's Motions (D.E. # 10) on March 9, 2010. Defendant has filed a reply brief in this matter. Also before the Court is Defendant's Motion to Adopt State Court Ruling Concerning Discretionary Costs, or, in the Alternative, for an Award of Discretionary Costs (D.E. # 8) filed on March 2, 2010. Plaintiff responded in opposition to Defendant's Motion on March 16, 2010 (D.E. # 13). The Defendant filed a reply on March 26, 2010 (D.E. # 17). For the reasons set forth below, Defendant's Motions to Abstain and Dismiss Based on Forum Non Conveniens are **DENIED** and Defendant's Motion for an Award of Discretionary Costs is **GRANTED**.

1

## BACKGROUND

This case arises out of an automobile accident that occurred on December 24, 2002. (Compl. ¶ 6.)  Defendant Hill, Jr. was driving a 1985 Mercedes 300D automobile on White Station Road in the inside lane.  *(Id.)*  The vehicle was owned by his father, Paul Hill, Sr.  *(Id.)*  Plaintiff Starr was a passenger in a vehicle in the curb lane on White Station Road.  *(Id.* at ¶ 7.)  The Defendant made a right turn to go east in front of Plaintiff's vehicle, and the two vehicle's collided.  *(Id.* at ¶ 9.)  In the case at bar, the Plaintiff alleges that she was injured in the accident and seeks monetary damages as a result.

On December 9, 2003, Plaintiff filed a complaint alleging injuries as a result of the accident in the Shelby County, Tennessee Circuit Court.  (Exhibit 1 to Def.'s Mot. to Abstain.)  Plaintiff named both Defendant Hill, Jr. and his father Paul Hill, Sr. as defendants.  *(Id.)*  Plaintiff asserted Tennessee state law claims of negligence and negligence per se against Defendant.  *(Id.)*  Plaintiff asserted Hill, Sr. was liable under the Tennessee family purpose doctrine.  *(Id.)*

On July 11, 2008, the Circuit Court Judge granted defendant Hill, Sr's second motion for summary judgment as to Plaintiff's family purpose doctrine claim.  (Def.'s Mot. to Abstain, 3.)  The Tennessee Court of Appeals reversed the Judge's Order on February 18, 2010 and directed the Circuit Court to enter an Order granting Plaintiff's motion for partial summary judgment on the same issue.  *(Id.* at 4.)  In the instant Motion, the Defendant notes that his father, Hill, Sr., intends to file a petition to rehear with the Tennessee Court of Appeals and potentially an application of permission to appeal to the Tennessee Supreme Court.  *(Id.* at 4.)

On February 3, 2009, Plaintiff sought a voluntary non-suit as to Defendant Hill, Jr.

(Def.'s Mot. to Abstain, 4.)  Plaintiff filed the instant action on January 28, 2010.  Plaintiff asserts Tennessee state law claims of negligence and negligence per se against Defendant.  Hill, Sr. is not a party in this suit.

In Defendant's Motion to Abstain, he contends that this Court should decline to exercise jurisdiction over the instant matter.  More specifically, the Defendant asserts that a lawsuit involving the same facts and circumstances of this case is still pending in the Circuit Court, i.e. the claim against his father, and thus the Court should abstain from exercising jurisdiction.  Additionally, the Defendant argues that the instant lawsuit is nothing more than a product of forum shopping on the part of the Plaintiff.

In Defendant's Motion to Dismiss Based on Forum Non Conveniens, the Defendant asserts that Tennessee state court is a more convenient forum for this matter.  The Defendant contends that both public and private factors weigh in favor of the alternative forum.  For instance, the Defendant argues that such public factors as local interest in the matter and interest in having the trial at home with the law that governs weigh in favor of the alternative forum. The allegations underlying the instant suit have been pending in the Shelby County Circuit Court since 2003, and the law governing the case is Tennessee state law, not federal law.  As such, the Defendant asserts that these public factors weigh in favor of the Tennessee state court hearing this matter.  Additionally, the Defendant contends that the private factor of ease, expeditiousness, and expense weighs in favor of the alternative forum.  The Defendant notes that the Circuit Court Judge has already ruled on many pretrial matters and been familiar with this case since 2003.  As such, the Defendant argues that this case should be dismissed based on forum non conveniens.

The Plaintiff filed a single response in opposition to both of Defendant's Motions.  As an initial matter, the Plaintiff asserts that both of Defendant's Motions must be denied because no alternative forum exists for her claims.  More specifically, the Plaintiff contends that she is barred from re-filing this case against the Defendant in Tennessee state court due to the Tennessee Savings Statute.

As to Defendant's Motion to Dismiss Based on Forum Non Conveniens, the Plaintiff asserts that the doctrine of forum non conveniens is inapplicable in situations such as here where both tribunals are located in the same place.  Both the Circuit Court and this Court are located in Memphis, Tennessee.  However, even if the doctrine is applicable, the Plaintiff asserts that the relevant factors weigh against dismissal.

As to Defendant's Motion to Abstain, the Plaintiff contends that abstention is not warranted in this case.  More specifically, the Plaintiff asserts that this case does not fall within the three categories of cases that are appropriate for abstention.  The Plaintiff notes that this is not a case that (1) presents a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law, (2) involves difficult questions of state law bearing on policy problems, or (3) federal jurisdiction has been invoked to restrain state criminal proceedings or state nuisance proceedings.  As such, Plaintiff contends that Defendant's Motion must be denied.

The Defendant has filed a consolidated reply brief.  Defendant first argues that the effect the Tennessee Savings Statute could have on a subsequent state court filing is not at issue in this case.  The Defendant contends any such ruling by this Court would constitute an advisory opinion.

4

The Defendant also asserts that the Plaintiff's arguments concerning forum non conveniens confuse the difference between 28 U.S.C. § 1404(a) and the common law doctrine of forum non conveniens.  As to his Motion to Abstain, the Defendant contends that the Plaintiff mischaracterizes the similarities between the instant suit and her filing in the Circuit Court to support her opposition to Defendant's Motion.  Finally, the Defendant argues that Plaintiff provides very little response to his assertion that she engaged in forum shopping in filing the instant suit.

As noted above, the Defendant has also filed a Motion to Adopt State Court Ruling Concerning Discretionary Costs, or in the Alternative, for an Award of Discretionary Costs. Plaintiff has responded in opposition to Defendant's Motion, and the Defendant has filed a reply brief.  The Court will address this Motion more fully below, after first addressing Defendant's Motion to Dismiss Based on Forum Non Conveniens and Motion to Abstain.

## ANALYSIS

The parties do not dispute that the substantive law of Tennessee applies in this diversity case, the Court is bound to apply the substantive law of Tennessee as if the action had been brought in the courts of that state.[1]  Under the *Erie* doctrine, a federal court must apply the substantive law of a state as it has been determined by the highest court of the state.[2]  When the highest court of the state has not answered a particular question of law, the federal court must

---

[1] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[2] *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003).

discern or predict how the state courts would respond if confronted with the same question.[3]  The federal court must ascertain from all available data what the law is and apply it.[4]  In the absence of any indication that the state's highest court would adopt a rule contrary to the rule announced in an intermediate appellate court, a federal court is not free to ignore the announcement of a state appellate court on matters of state law.[5]

### I.  Motion to Dismiss Based on Forum Non Conveniens

As an initial matter, the parties dispute whether the doctrine of forum non conveniens is applicable under the circumstances of this case.  More specifically, the Plaintiff contends that the doctrine only applies in cases where the alternative forum is abroad.  Here, the proposed alternative forum is in the same state and, in fact, the same city, i.e. the Shelby County Circuit Court.

The Court notes that in *American v. Dredging Co. v. Miller*, the Supreme Court stated in dicta that " the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad."[6]  The Supreme Court's statement was made in reference to an explanation concerning the interaction between 28 U.S.C. § 1404(a), the federal venue transfer statute, and the doctrine of forum non conveniens.  The Court has since qualified its statement.  In *Sinochem Int'l. Co. Ltd. v. Malaysia Int'l. Shipping Co.*, the Supreme Court noted

---

[3] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

[4] *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601 (6th Cir. 1985).

[5] *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

[6] *American Dredging Co. v. Miller*, 510 U.S. 443, 986, n.2 (1994).

"the common law doctrine of forum non conveniens has continuing application in federal courts only where the alternative forum is abroad and *perhaps in rare instances where a state or territorial court serves litigational convenience best.*"[7]  Therefore, from this Court's estimation, the applicability of the doctrine under the circumstances of this case is somewhat an open question.  Since the Supreme Court, however, definitively acknowledged that there may be "rare instances where a state court serves litigational convenience best," the Court will proceed with its analysis of the instant doctrine.

A dismissal on forum non conveniens grounds is appropriate when the defendant establishes, first, that the claim can be heard in an available and adequate alternative forum and, second, that the balance of private and public factors listed by the Supreme Court in *Gulf Oil Corp. v. Gilbert*,[8] reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court.[9]  The Supreme Court has provided guidelines for the kinds of private interests a district court should consider:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . .; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.[10]

Public interests that the district court should consider include:

> congestion of the courts; the burden of jury duty "upon the people of a community which has no relation to the litigation; the local interest in having

---

[7] *Sinochem Int'l. Co. Ltd. v. Malaysia Int'l. Shipping Co.*, 549 U.S. 422, 430 (2007) (emphasis added).

[8] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).

[9] *Duha v. Agrium, Inc*., 448 F.3d 867, 873 (6th Cir. 2006).

[10] *Gulf Oil Corp*., 330 U.S. at 508.

localized controversies decided at home and, in a diversity case, the advantage of holding the trial in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.[11]

In applying this analysis, the Supreme Court has noted that there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.[12] "[H]owever, . . . the presumption applies with less force when the plaintiff or real parties in interest are foreign."[13]

### A. Availability of Alternative Forum

As noted above, a defendant moving for dismissal on forum non conveniens grounds must first demonstrate the availability of an adequate alternative forum.  This requirement is normally satisfied when the defendant is "amenable to process" in the foreign jurisdiction.[14]  "In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative and the initial requirement may not be satisfied."[15]  Less favorable law in the alternative forum will not, on its own, make the forum inadequate.[16]

In the case at bar, the Plaintiff argues that a Tennessee state court is not an adequate

---

[11] *Id.* at 508-09.

[12] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

[13] *Id.*

[14] *See Piper Aircraft Co.*, 454 U.S. at 254 n. 22.

[15] *Id.*

[16] *Id.*

8

alternative forum to protect her rights.  More specifically, Plaintiff asserts that she is now precluded by Tenn. Code Ann. 28-1-105(a), the Tennessee Savings Statute, from re-filing her claims against the Defendant in Tennessee state court.  Plaintiff notes that she obtained a voluntary non-suit as to Defendant on February 3, 2009.  As such, Plaintiff contends her deadline for pursuing further action against Defendant in state court was February 3, 2010.  The deadline having now passed, Plaintiff contends that if the case at bar is dismissed she will have no remedy against the Defendant.

In his reply brief, the Defendant asserts that this Court's determination of the applicability of the Tennessee Savings Statute in any re-filed state action would amount to an advisory opinion.  Additionally, the Defendant notes that such a determination is unnecessary.  More specifically, the Defendant contends that the "relevant question is whether an alternative forum existed at the time Plaintiff re-filed her case in federal court."  Since the Plaintiff filed the instant suit on January 28, 2010, four business days before her February 3, 2010 deadline, the Defendant contends an adequate alternative forum existed at the time the instant action was filed.

First, the Defendant cites no authority in support of his position that the alternative forum determination should be made at the time the Plaintiff filed her federal Complaint. The Court has found no authority in this Circuit supporting Defendant's position, and case law in other Circuits is contrary to the Defendant's position.  For instance, in *Norex Petroleum Ltd. v. Access Indus., Inc.*, the Second Circuit stated that "a case cannot be dismissed on grounds of forum non conveniens unless there is presently available to the plaintiff an alternative forum that will permit

it to litigate the subject matter of the dispute."[17]  Therefore, the relevant inquiry for this Court is whether or not the Tennessee state court can presently provide an adequate alternative forum to Plaintiff.  The Court finds that it cannot.

As the Court previously noted, the Plaintiff contends that the Tennessee Savings Statute bars her from re-filing the instant action in state court.  The Defendant does not seem to disagree with Plaintiff's reasoning.  Instead, the Defendant argues that for this Court to examine the applicability of the Tennessee Savings Statute, it would be required to effectively issue an advisory opinion.  The Court finds Defendant's argument unpersuasive.

The Court has found no Sixth Circuit authority that directly address whether a district court examining a motion for dismissal pursuant to forum non conveniens should examine whether the re-filed action would be timely in the alternative forum.  The Seventh Circuit, however, has recently addressed the issue.  In *Chang v. Baxter Healthcare Corp.*, the Seventh Circuit noted that:

> the cases suggest that if the plaintiff's suit would be time-barred in the alternative forum, his remedy there is inadequate- is no remedy at all, in a practical sense- and in such a case dismissal on grounds of forum non conveniens should be denied unless the defendant agrees to waive the statute of limitations in that forum and the waiver would be enforced there.[18]

---

[17] *Norex Petroleum Ltd. v. Access Indus., Inc*., 416 F.3d 146, 159 (2d Cr. 2005). *See also*, Anne M. Payne, AmJur. 2d, Doctrine of Forum Non Conveniens § 117 (2010) (A court may not dismiss an action on the ground of forum non conveniens unless the plaintiff could have brought the action before a court other than the court in which he or she did bring it, *and he or she still has such an alternate forum*) (emphasis added).

[18] *Chang v. Baxter Healthcare Corp*., 599 F.3d 728, 736 (7th Cir. 2010) (citing *Norex Petroleum Ltd*., 416 F.3d at 159.; *Bank of Credit & Commerce Int'l (overseas) Ltd. v. Bank of Pakistan*, 273 F.3d 241, 246-47 (2d Cir. 2001); *Mercier v. Sheraton Int'l Inc*., 935 F.2d 419, 426 (1st Cir. 1991); *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 316 (4th Cir. 1984); *but see Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1182 (10th Cir. 2009)).

As noted above, it seems to be undisputed that the Tennessee Saving Statute would apply to any action the Plaintiff might file against the Defendant in state court.  Tenn. Code Ann. 28-1-105(a), i.e. the Tennessee Saving Statute, provides:

> [i]f the action is commenced within the time limited by a rule or statute of limitations, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . .

Plaintiff obtained a voluntary non-suit as to Defendant on February 3, 2009.  Thus, her deadline for re-filing an action in state court was February 3, 2010.  The deadline having now passed Plaintiff's action would be time barred as to Defendant.  There is no reason for this Court to believe that the Tennessee Savings Statute was somehow tolled as a result of Plaintiff's filing of the instant federal action.  Thus, under the present circumstances, as the Seventh Circuit noted in *Chang*, Plaintiff would have no remedy at all if this Court were to dismiss Plaintiff's action.

While the Defendant may characterize such a determination by this Court as an advisory opinion, the Court disagrees.  According to Black's Law Dictionary, an advisory opinion is "a nonbinding statement by a court of its interpretation of the law on a matter submitted for that purpose."[19]  Here, the Court's analysis of the timeliness of any claim Plaintiff might file in state court is inherently necessary for its purposes of determining whether Plaintiff would have a remedy in an alternative forum, not an attempt by this Court to simply interpret Tennessee state law.

As an aside, the Defendant also argues that "a party's forum shopping [is] a sufficient

---

[19] Black's Law Dictionary (8th ed. 2004), opinion.

11

reason for a court to dismiss a case." Defendant cites two cases from the United States District Court for the Eastern District of Tennessee, *Eager v. Kain* and *McDermott v. Toyota Motor Sales Co. Ltd.* for this proposition. Both cases the Defendant cites, however, specifically noted that the plaintiff still had an opportunity to file in another forum.[20] Plaintiff, in the instant case, however, does not have that luxury. While the Court notes that there is little question that Plaintiff has engaged in forum shopping by filing her action in this Court, the Court will address this issue further in reference to Defendant's motion for discretionary costs.

In summary, the Court finds that since Plaintiff's claims would be time barred pursuant to the Tennessee Savings Statute in state court, an adequate alternative forum does not exist to protect her rights. An adequate alternative forum is a prerequisite to dismissal based on forum non conveniens. As such, Defendant's Motion is **DENIED**.

### II.  Motion to Abstain

The Defendant also asks this Court to abstain from exercising jurisdiction over this suit because a case involving the same or substantially the same allegations is still pending in the Shelby County Circuit Court.

In *Colorado River*, the Supreme Court explained that a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state-court proceeding. The Court noted, however, that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[21] The Court explained that abstention was "justified

---

[20] *Eager v. Kain*, 158 F. Supp. 222, 224 (E.D. Tenn. 1957) (plaintiff still has an opportunity to full hearing in the state court); *McDermott v. Toyota Motor Sales, Co. Ltd*., 487 F. Supp. 484, 486 (E.D. Tenn. 1980) (plaintiff still has ample time to re-file this case in state court).

[21] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

under this doctrine only in the exceptional circumstances where the order to the parties to repair

to the state court would clearly serve an important countervailing interest."[22]  The decision to

dismiss a federal action because of a parallel state-court action rests "on a careful balancing of

the important factors as they apply in a given case, with the balance heavily weighted in favor of

the exercise of jurisdiction."[23]

      The Supreme Court and the Sixth Circuit have identified a number of factors which

district courts must consider when determining whether abstention is appropriate under the

*Colorado River* doctrine.  The list of relevant factors include:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation;(4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.[24]

      The threshold question in *Colorado River* abstention is whether there are parallel

proceedings in state court.[25]  The state court proceedings need not be identical, merely

"substantially similar." [26]  There is also no requirement that the parties in the state court

proceedings be identical to those in the federal case.[27]  Here, the Plaintiff contends that a parallel

---

[22] *Id.*

[23] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

[24] *Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002) (quoting *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001)).

[25] *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984).

[26] *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998).

[27] *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990).

proceeding is not currently pending in state court.  More specifically, the Plaintiff asserts that (1) the case against Hill, Sr. in Shelby County Circuit Court is not technically pending because Hill, Sr. has filed a motion for rehearing with the Tennessee Court of Appeals and (2) the case in state court is actually closed since the Tennessee Court of Appeals directed that final judgment be entered in favor of Plaintiff.

The Court disagrees with Plaintiff's characterization of the parties state court proceedings, although the Court freely admits it is somewhat at a disadvantage in making this determination since it can only view the proceedings from a cursory outside perspective. According to the Plaintiff, on March 1, 2010, Hill, Sr. filed a motion with the Tennessee Court of Appeals to rehear its ruling regarding the family purpose doctrine, although neither party has provided the Court with evidence of this in the record.  Therefore, the Court finds that the state court matter is in one sense "pending," as it is on appeal.

However, even if Defendant's motion with the Tennessee Court of Appeals is denied, the state court proceeding is still "pending."  As it stands now, the Tennessee Court of Appeals has reversed the Circuit Court's grant of summary judgment to Hill, Sr. and remanded for further proceedings.  The Plaintiff contends that "the Tennessee Court of Appeals directed that a final judgment in favor of the Plaintiff be entered by the State Court, concluding that case."  The Court, however, disagrees.

According to the Tennessee Court of Appeals opinion, the court was asked to determine whether the family purpose doctrine applies as a matter of law to the circumstances of the case at

14

bar.[28]  The court found that it did and directed that "an order granting partial summary judgment to Plaintiff, as Father is vicariously liable for the acts of Son based upon the family purpose doctrine."[29]  The Plaintiff seems to interpret the court's latter statement to mean that Hill, Sr. was unequivocally found to be vicariously liable for Defendant's actions.  The Court, however, takes a different view of the Court of Appeals opinion.

It is undisputed that the Plaintiff obtained a voluntary non-suit as to Defendant in the state court proceeding on February 3, 2009.  As such, no determination of Defendant's negligence could have ever been made by the state court.  The Court holds, however, that a finding of negligence on the part of the Defendant is a necessary pre-requisite for Hill, Sr. to be held vicariously liable for Defendant's actions.[30]  Therefore, at this point, the only determination the Tennessee Court of Appeals could have made is that the family purpose doctrine applies as a *matter of law* under the circumstances of this case, not that Hill, Sr. is liable as Plaintiff suggests.  This reading of the Tennessee Court of Appeals opinion is supported by the fact that the court only directed "partial" summary judgment be entered.  Thus, there are still issues remaining in

---

[28] *Starr v. Hill*, No. W2009-00524-COA-R3-CV, 2010 WL 551021, at *1 (Tenn. Ct. App. Feb. 18, 2010).  For the family purpose doctrine to apply under Tennessee law, two requirements must be met: (1) the head of household must maintain an automobile for the purpose of providing pleasure or comfort for his or her family and (2) the family purpose driver must have been using the motor vehicle at the time of the injury in furtherance of that purpose with the permission, either expressed or implied, of the owner.  *Id*. at *3.  Here, there was some question as to whether Hill, Sr. could qualify as the head of the household since he did not live with the Defendant at the time of the accident.  *Id*. at *5.  Hill Sr. and Defendant's mother were divorced at the time. *Id*.

[29] *Id*. at *10.

[30] Vicarious liability is a type of imputed negligence, i.e. the doctrine that makes one person responsible for the negligence of another.  AmJur. 2d, Negligence § 1096 (2010).  As such, the Court finds that a finding of negligence on the part of Defendant must occur before Hill, Sr.'s vicarious liability could trigger.

15

the state court case, such as the underlying negligence of Defendant.  In sum, for purposes of this Motion, the Court finds that the action in state court is still "pending."

The Court also finds that the federal and state actions are parallel.  Both cases arise out of the automobile accident that occurred on December 24, 2002.  The causes of action alleged against the Defendant in this action are the same that were alleged against Defendant in the state action: negligence and negligence per se.  The only difference between the two cases is that Hill, Sr. is not a party to the instant action.  However, as noted above, there is no requirement that the parties be identical.  Therefore, both cases are the "same or substantially similar" and are thus parallel.

Having answered affirmatively the threshold question of whether the federal and state court proceedings here are parallel, the Court now turns to its analysis of the *Colorado River* test.  The first factor, whether the state court has assumed jurisdiction over any *res* or property, is inapposite in the instant matter because no property is at issue; this factor thus weighs against abstention.  Likewise, the Court cannot find that the federal forum in this case is any less convenient than the state forum, since both actions are pending in courthouses in the same city: Memphis, Tennessee.  The Court notes that Defendant argues that the federal forum is inconvenient because of the "extensive amount of time and money . . . expended in the case . . . in Tennessee State Court."  This factor, however, is focused on geography, not the expense of the state proceeding.[31]  Thus, this factor also weighs against abstention.

In *Moses H. Cone*, the Supreme Court noted that the paramount consideration in

---

[31] *See generally Romine*, 160 F.3d at 341.

*Colorado River* was "the danger of piecemeal litigation."[32]  Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results.[33]  Here, there is a great danger of piecemeal litigation.  In theory, it is possible that Hill, Sr. may be found vicariously liable for Defendant's negligence in state court while simultaneously the Defendant's actions may be found not to be negligent in this federal action.  Thus, two drastically conflicting results are possible.  Therefore, this factor strongly weighs in favor of abstention.

The next factor also weighs in favor of abstention: the order in which jurisdiction was obtained by each Court.  Plaintiff filed her action in state court on December 9, 2003 and a little over six years later, Plaintiff filed the instant action on January 28, 2010.  Thus, the state court obtained jurisdiction many years before this court.  The Court notes that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[34]  Here, it can not possibly be disputed that the state court proceedings are far beyond those that have occurred in the instant court.  As to the next factor, the source of the governing law is Tennessee state law.  There are no federal claims alleged in the instant action.  Thus, this factor too weighs in favor of abstention.[35]

The next factor, the adequacy of the state court action to protect Plaintiff's rights, however, weighs against abstention.  As the party seeking abstention, the Defendant bears the

_____

[32] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 19.

[33] *Romine*, 160 F.3d at 341.

[34] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.

[35] In *Moses H. Cone*, the Supreme Court stated "the presence of federal law must always be a major consideration weighing against surrender."  460 U.S. at 26.

burden to prove it is warranted.[36]  Here, the Defendant argues that "the State Court action can adequately protect the Plaintiff's rights in the car wreck case.  In fact, Plaintiff's theories of recovery and available damages would be identical in State and Federal Court."

While it is true that like the Shelby County Circuit Court this Court will apply Tennessee state tort law to Plaintiff's claims, Defendant makes no mention of the fact that Plaintiff's claims against him would be time barred due to the Tennessee Saving Statute if the Court were to dismiss Plaintiff's action here.  The Court believes this is a relevant consideration under this factor.

As the Court noted above, because of the Tennessee Savings Statute dismissing this action would deprive the Plaintiff of a forum to redress her claims against Defendant.  It is undisputed that Plaintiff had until February 3, 2010 to re-file her claims against Defendant in either state or federal court.  Plaintiff chose the latter option, albeit four business days before her deadline was set to expire.  As the party bearing the burden to show abstention is required, the Defendant has cited no case law suggesting that the Tennessee Saving Statute is inapplicable in this case or that it was some how tolled as a result of Plaintiff's filing of the instant action.  Therefore, this Court is faced with a situation in which federal court is the only place Plaintiff may specifically adjudicate her claims against this particular Defendant.  As such, the Court finds that this factor weighs against abstention.[37]

---

[36] *See generally Answers in Genesis of Kentucy, Inc. v. Creation Ministries, Int'l Ltd.*, 556 F.3d 459, 467 (6th Cir. 2009).

[37] AmJur. 2d, Inadequacy of State Suit to Protect Respondent's Rights § 1120 (2010) (This factor will only weigh against dismissal when one of the fora is inadequate to protect a party's rights).

The next factor, the relative progress of the State and Federal proceedings, weighs in favor of abstention since the state action has been proceeding for over six years.  The Court, however, acknowledges that at present technically an action is not proceeding against Defendant in state court since the Defendant is no longer a party in the action there.  As noted above, however, the underlying facts and circumstances in the state action are the same.

The last factor, the presence or absence of concurrent jurisdiction, is neutral.  The Sixth Circuit has stated that the presence of concurrent jurisdiction only marginally, if at all, favors abstention.[38]  Here, both this court and the state court had concurrent jurisdiction to hear this matter on the date Plaintiff filed the instant action.  At this point, however, the state court, however, is likely deprived of subject matter jurisdiction over Plaintiff's claims against Defendant since they would be time barred.  Therefore, the Court will consider this factor neutral for purposes of this motion.

In sum, the Court has found that four factors weigh in favor of abstention, three against, and one is neutral.  The Court notes that the paramount consideration is avoidance of piecemeal litigation, and here, there is undoubtedly a great concern that such an occurrence may result if the Court does not abstain from exercising jurisdiction over this matter.  The Court, however, also cannot ignore the fact that if it were to dismiss this case Plaintiff would have no redress against Defendant in Tennessee state court due to the Tennessee Saving Statute.   In light of the circumstances of this case and the fact that abstention is "the exception not the rule," the Court finds that abstention is not appropriate.  Therefore, Defendant's Motion to Abstain is **DENIED**.

### III.  Motion to Adopt State Court Ruling Concerning Discretionary Costs, or, in the

---

[38] *PaineWebber, Inc*., 276 F.3d at 208.

*__Alternative for an Award of Discretionary Costs__*

Fed. R. Civ. P. 41(d) governs costs of a previously dismissed action and reads,

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.[39]

Rule 41(d) is designed to prevent vexatious litigation as well as forum shopping, "especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else."[40]  In that way, "Rule 41(d) is also intended to prevent attempts to gain any tactical advantage by dismissing and refiling th[e] suit."[41]  The Sixth Circuit held that "nothing in the language of Rule 41(d) . . . suggests that a defendant must show bad faith before a district court can order payment of costs incurred in a voluntarily dismissed previous action."[42]

Here, the Defendant asks this Court to adopt the Shelby County Circuit Court's ruling regarding discretionary costs.  More specifically, the Defendant asks the Court to give Circuit Judge Russell's Order awarding Defendant $ 15,613.40 full faith and credit.  The Court, however, declines to do so since there is a federal procedural rule that is applicable in scenarios such as this, i.e. Rule 41(d).[43]

---

[39] Fed. R. Civ. P. 41(d).

[40] *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

[41] *Id.*

[42] *Id.* (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996)).

[43] The Court notes that the Defendant also seeks relief under Fed. R. Civ. P. 54(d). However, the Court holds that a defendant in a case  that is voluntarily dismissed without prejudice is not a prevailing party for purposes of Rule 54(d).  Therefore, Rule 54(d) is not applicable under the circumstances.

As noted above, Rule 41(d) is designed to prevent vexatious litigation and forum shopping.  In the instant Motion, the Defendant does not allege that Plaintiff has engaged in vexatious litigation, but he does assert that Plaintiff engaged in forum shopping by re-filing her action in federal court rather than back in state court.  Plaintiff asserts that her decision to re-file her case in federal court was not a product of forum shopping but rather an attempt to have her claims heard without additional delay.  Plaintiff argues that "the state court . . . unflaggingly accommodated every scheduling request made by the Defendants," and therefore she had "concerns that remaining in the state court system would lead to the postponement of any recovery against Beau Hill, potentially for years."

The Court believes that the procedural history of both the state action and the instant action is illustrative.  Plaintiff filed her state action on December 9, 2003, asserting identical claims against Defendant as those present here.  On July 11, 2008, Judge Russell entered an order granting defendant Hill, Sr.'s second motion for summary judgment.[44]  Plaintiff filed a notice appealing Judge Russell's order on August 8, 2008.[45]  On September 12, 2008, the Tennessee Court of Appeals dismissed Plaintiff's appeal for failing to appeal a final judgment.[46]  On February 3, 2009, Plaintiff filed a voluntary non-suit as to all claims asserted against Defendant, and Judge Russell entered a revised order granting Hill, Sr.'s second motion for

---

[44] Exhibit 2 to Mot. to Abstain, *Starr v. Hill* docket sheet in Shelby County, Tennessee Circuit Court.

[45] *Id.*

[46] The Defendant only provided the Court with the docket sheet for the state action through September 9, 2008.  The Court, however, accessed the docket sheet on the Circuit Clerk's website to find the most current version.  *Starr v. Hill*, CT-006836-03, docket sheet in Shelby County Circuit Court.

summary judgment.[47]  On February 19, 2009, Judge Russell entered an order granting Defendant discretionary costs in the amount of $15,613.40.[48]  Plaintiff filed her notice of appeal on March 2, 2009.[49]  On January 28, 2010, Plaintiff filed the instant action, and on February 18, 2010, the Tennessee Court of Appeals reversed Judge Russell's order granting Hill, Sr. summary judgment.

In her response, Plaintiff contends that her decision to re-file her case in this court was not a product of forum shopping but rather an attempt to have her case proceed more quickly. The Court, however, finds this argument to be disingenuous.  First, Plaintiff filed the instant suit almost a year after seeking a  voluntary dismissal in state court and four business days before her February 3, 2010 deadline.  The Court believes the lengthy delay between the entry of non-suit in state court and Plaintiff's filing of the instant action undercuts her argument that time is of the essence.

Secondly, the Plaintiff argues that the "the record . . . does not support the Defendant's ostensible claim that a non-suit was taken because the original case was going badly."  The Defendant provides numerous examples of Judge Russell's evidentiary rulings to support his position that Plaintiff suffered "setbacks" in the state action and is attempting to "try her luck" elsewhere by filing the instant action, i.e. forum shopping.  The Court, however, does not need to examine Judge Russell's evidentiary rulings to determine that Plaintiff obtained unfavorable rulings in the state court action.  Although neither party points to it, the Court believes that Judge

---

[47] *Id.*

[48] Exhibit 15 to Def.'s Reply to Mot. to Adopt State Court Ruling.

[49] *Starr v. Hill*, CT-006836-03, docket sheet in Shelby County Circuit Court.

Russell's order granting summary judgment to Hill, Sr. is the unfavorable ruling that is determinative here.

On January 28, 2010, the date Plaintiff filed the instant action, the procedural circumstances of the case at bar differed from those that are present today. At that point, the Tennessee Court of Appeals had not reversed Judge Russell's order granting Hill, Sr. summary judgment. Thus, the Defendant was the only possible party Plaintiff could obtain a judgment against, and there was no indication when the Court of Appeals would reach a ruling or whether it would be favorable to Plaintiff. Additionally, Plaintiff was four business days away from being time barred from re-filing her action against Defendant in any court, state or federal. Therefore, Plaintiff was faced with a decision: (1) re-file in state court and pay the outstanding judgment or (2) file in federal court. Plaintiff chose the latter. As such, based on the procedural history of Plaintiff's state action and the fact that Plaintiff waited to file the instant action four days before her claims would be time barred, the Court finds that Plaintiff engaged in forum shopping in filing the instant action.

The Sixth Circuit has found that awarding costs under Rule 41(d) is appropriate in circumstances such as this when a plaintiff engages in forum shopping. For instance, in *Rogers v. Walmart*, the Sixth Circuit found that a plaintiff's attempt to dismiss the initial action only after she had missed the court's deadline for disclosing her expert witness was evidence of "some attempt to wipe the slate clean after an initial set back in federal court and gain a tactical advantage by re-filing in state court."[50] Here, Plaintiff contends that she is unable to pay an award of costs as she is indigent and completely disabled and thus asserts Defendant's motion is

---

[50] *Rogers*, 230 F.3d at 874.

an "attempt to place additional financial pressure on the injured victim."

The Court notes that the Sixth Circuit stated in *Duffy v. Ford Motor Co.*, that "a number of courts have expressed reluctance to exercise their discretion to award costs under Rule 41(d) when the result would be to deprive innocent plaintiffs of their day in court due to their inability to pay the defendant's costs."[51]  Courts expressing this reluctance have considered four factors in determining whether to grant costs and a stay under Rule 41(d): (1) whether costs were assessed by the judge in a prior action; (2) whether the parties to the action were the same; (3) whether a showing of financial ability was made; and (4) the likelihood of plaintiff's success in the second suit.[52]

Here, the factors weigh in favor of awarding costs and granting a stay.  Judge Russell entered a judgment in favor of Defendant  in the amount of $15,613.40.  Admittedly, the parties to the instant action are not the same since Hill, Sr. is not a defendant in this action.  However, the Court notes that when Plaintiff filed the instant suit the possibility of Hill, Sr.'s liability was still an open question, as Plaintiff's appeal was still pending before the Tennessee Court of Appeals.  At the time, it was possible that Plaintiff might (1) obtain a judgment against Defendant in this Court; (2) the Tennessee Court of Appeals would reverse Judge Russell's ruling, and (3) Plaintiff could then enforce the federal judgment against Hill, Sr. in state court. In fact, those are the circumstances as they stand now.  Therefore, the Court believes this factor too weighs in favor of awarding costs.

---

[51] *Duffy v. Ford Motor Co.*, 218 F.3d 623, 632 (6th Cir. 2000).

[52] *See Wahl v. City of Wichita, Kansas*, 701 F. Supp. 1530 (D. Kan. 1988); *Phoenix v. Canada Oil Co. Ltd. v. Texaco*, Inc., 78 F.R.D. 445 (D. Del. 1978)

As to the third factor, Plaintiff asserts that she is disabled and indigent.  While there is no specific evidence in the record supporting this assertion, the Court believes this factor, ability to pay, weighs against an award of costs.  The Court declines to make a finding on the last factor, the likelihood of success of Plaintiff's claims, because the record currently before the Court is very limited.

Here, there is no question that Plaintiff engaged in forum shopping in filing her action in this court. Additionally, had the Plaintiff re-filed the instant action in state court she would have undoubtedly been required to pay Defendants costs due to Judge Russell's outstanding order. Under these factual circumstances, the Court finds that an award of costs and stay under Rule 41(d) is appropriate.

Defendant seeks to recover $ 15,613.40 in costs.  Defendant submitted the affidavits of (1) Ginger Shepherd, the Bookkeeper and Office Manager for the law firm of Allen, Summers, Simpson, Lillie & Gresham, (2) Kirk Caraway, Defendant's attorney, and (3) Clarence Glaze, an Administrator with Metropolitan Life & Casualty Insurance Company in support of this amount. According to Glaze's affidavit, of the aggregate amount, $15,426.10 is composed of $ 2,900.00 for expert witnesses for depositions and for trial preparation, $10,923.00 for court reporters for depositions and trial, and $ 1,603.10 for payments for videotaping and editing depositions.[53]  The remaining $187.30 was paid to a court reporter.[54]

The Court notes that while the Defendant has submitted three affidavits and various invoices in support of his Motion, it is not entirely clear to the Court what each amount and

---

[53] Glaze Aff. ¶ 7, Sept. 26, 2008.

[54] Shepherd Aff. ¶ 6, Feb. 5, 2009.

invoice represents.  For instance, the $ 2,900.00 for expert witnesses for depositions and for

"trial preparation" is unnecessarily vague.  As such, the Defendant is ordered to submit an

itemized affidavit of his costs associated with Plaintiff's previous case within thirty (30) days of

entry of this Order.  Defendant should also serve Plaintiff with the affidavit of costs.  Plaintiff

shall then have thirty (30) days from service in which to file any objections to Defendant's

affidavit of costs.

   The case at bar is stayed pending the determination of Defendant's costs associated with

the previous case and Plaintiff's payment of said costs.  Therefore, the Motion is **GRANTED**.

<u>CONCLUSION</u>

   For the reasons set forth above, Defendant's Motion to Abstain is **DENIED**, Defendant's

Motion to Dismiss Based on Forum Non Conveniens is **DENIED** and Defendant's Motion for an

Award of Discretionary Costs is **GRANTED**.


   **IT IS SO ORDERED**.



          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE


          Date: June 16th, 2010.